**Jose Luis HERNANDEZ AQUINO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–1436–ag.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2008.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Jamil N. Jaffer, Counsel to the Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jose Luis Hernandez Aquino, a native and citizen of El Salvador, seeks review of a February 25, 2008 order of the BIA affirming the May 26, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for relief under the Convention Against Torture ("CAT"). *In re Jose Luis Hernandez Aquino,* No. A97 897 678 (B.I.A. Feb. 25, 2008), *aff'g* No. A97 897 678 (Immig. Ct. N.Y. City May 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As the government argues, Hernandez Aquino failed to exhaust before the BIA his argument that the agency applied an erroneous legal standard in evaluating whether the government of El Salvador acquiesces in that country's gang violence. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise before us. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 125 n. 25 (2d Cir.2007). Because Hernandez Aquino failed to raise on appeal to the BIA his argument raised here, and because the government has raised this failure to exhaust in its brief, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Even if we were to find Hernandez Aquino's argument exhausted as a subsidiary legal issue, *see Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) (citing *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005)), we conclude that the agency did not apply an incorrect legal standard in determining that he was not eligible for CAT relief. When the BIA does "not expressly 'adopt' the IJ's decision, but its brief opinion closely tracks the IJ's reasoning," we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. Dep't Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S.*

*Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). "We review *de novo* questions of law and the application of law to undisputed fact." *Sulimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 The agency's regulations define torture, in pertinent part, "as any act by which severe pain or suffering . . . is intentionally inflicted on a person [for certain purposes] when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). This Court has held that " 'acquiescence' does not require official 'consent or approval'; it 'requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.' " *Delgado v. Mukasey,* 508 F.3d 702, 708 (2d Cir.2007) (quoting *Khouzam v. Ashcroft,* 361 F.3d 161, 170–71 (2d Cir.2004)). Here, we find that the IJ applied the correct legal standard for evaluating government acquiescence in torture, recognizing that an applicant need only demonstrate that government officials remain "willfully blind" to acts of torture, and the BIA reasonably affirmed that decision. Moreover, the agency reasonably found that although gang violence is pervasive in El Salvador, the evidence did not demonstrate that the government of El Salvador acquiesced in such violence.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.